**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN ZACHARY OUANO DE DIOS, | No. 07-75094 |
| Petitioner, | Agency No. A095-129-769 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

John Zachary Ouano De Dios, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review De Dios' contentions that he suffered past persecution and that his due process rights were violated by the IJ's vague and disorganized decision, because he failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Vargas v. INS*, 831 F.2d 906, 908 (9th Cir. 1987).

Substantial evidence supports the agency's finding that, even if his asylum application was timely and credible, De Dios failed to demonstrate a well-founded fear or clear probability of persecution because he has not shown it would be unreasonable to internally relocate to avoid harm by the New People's Army ("NPA"), *see* 8 C.F.R. §§ 1208.13(b)(2)(ii) & 1208.16(b)(2); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005), and his assertion that the NPA would target him for reporting on NPA activities if he returns to the Philippines is speculative, *see Nagoulko*, 333 F.3d at 1018. Accordingly, De Dios' asylum and withholding of removal claims fail.

07-75094

We reject De Dios' assertions that the IJ violated his due process rights by: (1) interrupting his and his grandmother's testimony, and questioning them in a hostile manner; (2) providing alternate bases for denial of his claims; and (3) arbitrarily rejecting evidence. *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (requiring error and prejudice to establish a due process violation).

Finally, De Dios has not raised any direct challenge to the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (stating that issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**